IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCKHILL DIVISION

| | |
|---|---|
| Demetrius Pullins,<br><br>Petitioner,<br><br>v.<br><br>R.S. Dunbar, *Warden*; FCI-Williamsburg,<br><br>Respondents. | C/A No. 0:23-cv-02328-JFA<br><br><br>**ORDER** |

Petitioner Demetrius Pullins ("Petitioner"), proceeding *pro se,* commenced this action by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the petition for lack of subject matter jurisdiction. (ECF No. 12). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

1

Petitioner was advised of his right to object to the Report, which was entered on the docket on July 17, 2023. (ECF No. 12). The Magistrate Judge required Petitioner to file objections by July 31, 2023. *Id.* However, Petitioner did not file any objections or otherwise respond. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner asserts that the federal statute prohibiting possession of a firearm by a convicted felon, 18 U.S.C. § 924, is unconstitutional in light of the United States Supreme Court's decision in *New York State Rifle & Pistole Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Specifically, he asserts the statute does not comport with the text of the Second Amendment or the history and tradition of firearms regulation in the United States. The Report finds Petitioner is attempting to raise a legal challenge to his sentence or conviction through a § 2241 which is prohibited unless Petitioner can demonstrate a § 2255 motion would be inadequate or ineffective. *See* 28 U.S.C. § 2255(e) ("the savings clause"); *See also Jones v. Hendrix*, 599 U.S. __, __ S.Ct., __, 2023 WL 4110233, at *6 (June 22, 2023). In Jones, the Supreme Court held that § 2255 motion would be considered inadequate or ineffective only under "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones*, 2023 WL 4110233, at *6.

Ultimately, the Report concludes Petitioner has failed to make such a showing. Because Petitioner has also failed to object or respond to the Report's conclusion on this basis, this Court is not required to give an explanation for adopting the Magistrate Judge's recommendation. *See Camby*, 718 F.2d at 199.

Therefore, this Court adopts the Report in full. (ECF No. 12).

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation. (ECF No. 12). Consequently, this action is summarily dismissed without prejudice and without requiring Respondents, R.S. Dunbar, *Warden* and FCI-Williamsburg, to file a return.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

August 16, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).